IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID W. ROBERTS, | ) | CASE NO. 1:08CV1473 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE OLIVER |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| RICH GANSHEIMER, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).

Before the court is David W. Roberts' ("Roberts") petition for a writ of habeas corpus

filed pursuant to 28 U.S.C. § 2254 on June 18, 2008.  Roberts is in the custody of the

Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence

in the case of *State of Ohio vs. Roberts*, Case Nos. CR 480193 & CR 483914

(Cuyahoga County 2006).  For the reasons set forth below, the court should dismiss

Roberts' petition.

I.  Procedural History

The January 2006 term of the Cuyahoga County grand jury indicted Roberts in

Case No. CR 480193 on four counts of drug possession, four counts of drug trafficking,

and one count of possession of criminal tools.  The May 2006 term of the Cuyahoga

County grand jury indicted Roberts in Case No. CR 483914 on two counts of drug trafficking with a schoolyard specification, two counts of drug possession, and one count of possessing criminal tools.  The court consolidated the two cases.  On July 31, 2006, Roberts pleaded guilty to two counts of drug trafficking, two counts of drug possession, and two counts of possessing criminal tools.  The other counts were dismissed as *nolle prosequi*.  Roberts received an agreed sentence of six years on all counts.  Roberts did not timely appeal his conviction or sentence.

On November 7, 2006, Roberts moved in the trial court to withdraw his plea of guilty.  Roberts alleged that trial counsel had been ineffective for failing to conduct a pre-trial investigation of all charges in Case. No. CR 480193 and that the court had failed to obtain and file a signed waiver of a jury trial.  The trial court denied Roberts' motion on November 21, 2006 without opinion.

On December 12, 2006, Roberts moved in the state appellate court pursuant to Ohio App. R. 5(A) ("R. 5(A)") for leave to file a delayed appeal.  Roberts argued that he should be allowed to file a delayed appeal because the trial court and his attorney failed to inform him of his right to appeal and his appellate counsel was ineffective for failing to object to the trial court's failure to inform him fully of his rights.  The state appellate court denied without opinion Roberts' motion for leave to file a delayed appeal on January 24, 2007.

On March 9, 2007, Roberts filed in the Ohio Supreme Court a notice of appeal of the state appellate court's decision.  In his memorandum in support of jurisdiction, Roberts asserted two propositions of law:

Proposition of Law No. I:  In the absence of evidence in the record that the court

2

informed an indigent defendant of his right to direct appeal from his conviction and his right to court-appointed counsel for appeal prior to the expiration of time for which appeal could be taken, court of appeals was required to make a factual determination before it dismissed motion for leave to appeal.

Proposition of Law No. II:  Appellant was denied effective assistance of counsel when trial counsel failed to inform appellant of his limited right to appeal pursuant to Crim.R. 32, in violation of appellant's Fifth, Sixth and Fourteenth Amendment rights.

On June 20, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On February 21, 2007, Roberts moved again in the state appellate court for leave to file a delayed appeal.  He cited as grounds for allowing the delayed appeal the failure of the court and his attorney to inform him of his right to appeal.  On March 27, 2007, the state appellate court *sua sponte* dismissed Roberts' motion without opinion.

On October 15, 2007, Roberts moved in the Ohio Supreme Court for leave to file a delayed appeal of the state appellate court's denial of his second motion for a delayed appeal.  On December 12, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On February 21, 2007 Roberts filed in the trial court a petition for postconviction relief pursuant to Ohio Rev. Code § 2953.21 ("§ 2953.21").  Roberts alleged that he had received ineffective assistance of trial counsel when counsel failed to conduct pretrial discovery, failed properly to assert Roberts' Fourth Amendment claims, failed to move for a Bill of Particulars, failed to move to suppress certain evidence, and waived a suppression hearing.  On March 22, 2007, the trial court denied Roberts' petition.  In its findings of fact and conclusions of law, the trial court found that Roberts' claims were barred by *res judicata* and had been waived by his voluntary, knowing, and intelligent

3

plea of guilty.  The court also found that Roberts had failed to demonstrate a genuine

issue of fact regarding trial counsel's alleged ineffectiveness.

On June 15, 2007, Roberts filed a notice of appeal of the trial court's denial of his

petition for postconviction relief.  Roberts raised three assignments of error in his brief in

support of his appeal:

First assignment of error

The trial court erred by strictly applying the doctrine of res judicata to
defendant-appellant's petition for post-conviction relief and thus, violated
his Fourth, Fifth, Sixth and Fourteenth Amendment rights under the United
States Constitution and Article 1, section 10 of the Ohio Constitution.

Second assignment of error

The trial court erred to the prejudice of defendant-appellant when it failed
to base its ruling on the facts in the record.

Third assignment of error

Appellant was denied effective assistance of counsel in violation of his
rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the
United States Constitution and Article 1, section 10 of the Ohio
Constitution.

On May 27, 2008, the state appellate court found Roberts' first and third assignments of

error to be barred by *res judicata* and found his second assignment of error to be

without merit.

On July 7, 2008, Roberts filed a notice of appeal of the state appellate court's

decision in the Ohio Supreme Court.  In his memorandum in support of jurisdiction,

Roberts asserted three propositions of law:

Proposition of Law No. I:  As long as no direct appeal was taken, or the claim of
incompetent counsel was not raised and adjudicated on a direct appeal, res
judicata does not bar the application of that issue on postconviction proceedings.

4

Proposition of Law No. II:  Defense counsel has duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process as guaranteed by the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 10, 14, and 16 of the Ohio Constitution.

Proposition of Law No. III:  The suppression by the prosecution of evidence favorable to the accused violated Due Process where the evidence is material either to guilt or punishment, irrespective of any claim of good faith contrary to the express provisions contained and guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

On October 29, 2008 the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

Roberts filed a petition for a writ of habeas corpus in this court on June 18, 2008.

Roberts's amended petition[1] asserts five grounds for relief:

Ground 1:   Indigent petitioner was denied his right to a delayed/direct appeal and court of appeals failed to make factual determination.

Ground 2:   Ineffective assistance of counsel.  Trial counsel failed to inform petitioner of his right to appeal.

Ground 3:   As long as no direct appeal was taken, or the claim of incompetent counsel was not raised and adjudicated on a direct appeal, res judicata does not bar the application of that issue on postconviction proceedings.

Ground 4:   Defense counsel has duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process as guaranteed by the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 10, 14, and 16 of the Ohio Constitution.

Ground 5:   The suppression by the prosecution of evidence favorable to the accused violated Due Process where the evidence is material either to guilt or punishment, irrespective of any claim of good faith contrary to the express provisions contained and guaranteed by the

---

[1]  The court permitted Roberts to amend his petition to add three additional claims upon exhaustion of state remedies for those claims.

5

Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

Respondent filed an Answer/Return of Writ on January 16, 2009. Doc. No. 14. Roberts filed a Traverse on March 19, 2009. Doc. No. 17. Thus, the petition is ready for decision.

II

A.     *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).

Roberts was convicted in the court of common pleas in Cuyahoga County, situated in the Northern District of Ohio. At the time he filed his writ of habeas corpus in the Northern District of Ohio, he was in prison pursuant to that conviction. This court has jurisdiction over Roberts's petition.

The court does not have jurisdiction over all of Roberts' claims, however. Roberts argues in part of his first ground fo relief that he was denied due process when he was denied a delayed appeal pursuant to Ohio App. R. 5(A). A delayed appeal is not part of the direct appeal process. *DiCenzi v. Rose*, 452 F.3d 844, 853 (6th Cir. 2007). Consequently, it is a collateral, post-conviction proceeding. Habeas claims that challenge constitutional errors committed in collateral, state post-conviction proceedings

6

do not directly challenge the judgment pursuant to which the petitioner is in custody and are non-cognizable in federal habeas proceedings.  *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986).  Thus, that portion of Roberts' first ground for relief that contends that he was denied due process when he was denied his right to a delayed appeal is not cognizable in federal habeas proceedings and should be dismissed as beyond this court's subject matter jurisdiction.

B.    *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. § 2254(e)(2).  There is no need for an evidentiary hearing in the instant case.  All of Roberts's claims involve legal issues which can be independently resolved without additional factual inquiry.

C.    *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus.  28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted state remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989).  "[O]nce the federal claim has been fairly presented to the state courts, the

7

exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986).  The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Roberts has no remaining state remedies for his claims.  Because Roberts has no remaining state remedies, his claims are exhausted.

D.    *Procedural default*

Procedural default occurs when a petitioner fails to present fairly his constitutional claims to the highest state court in a federal constitutional context. *Anderson*, 489 U.S. 4; *Picard*, 404 U.S. 270.  Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . .  not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Respondent contends that Roberts has procedurally defaulted or waived all of his grounds for relief.  Robert denies that he has procedurally defaulted his claims.  He also argues in the alternative that there was cause and prejudice for any procedural default and that not excusing his defaults will result in a fundamental miscarriage of justice.

8

The court will examine each ground for relief to determine whether it has been procedurally defaulted or waived, then it will examine whether any defaults should be excused.

A.     *Ground one:  The trial court denied Roberts his right to a direct appeal by failing to inform him of his appellate rights*

In the remainder of his first ground for relief, Roberts contends that he was denied his right to a direct appeal when the court of appeals failed to notify him of his right to an appeal and his right to court-appointed counsel for that appeal.[2]  Respondent argues that Roberts had procedurally defaulted this claim because it should have been raised in a petition for postconviction relief pursuant to § 2953.21.  Respondent errs.

Respondent cites *State v. Gover*, 71 Ohio St. 3d 577, 580-81, 645 N.E.2d 1246, 1248-49 (1995), for the proposition that all claims of error in the pre-appellate process should be raised in a motion for postconviction relief.  But this gleans far too broad a rule from *Gover*.  In *Gover*, the court informed the defendant of his right to appeal and his right to a court-appointed attorney.  When defendant requested an attorney, the court appointed one.  The court, however, failed to notify the attorney of his appointment.  When Gover eventually realized that no appeal had been filed on his behalf, he filed a motion for a delayed appeal pursuant to R. 5(A) alleging ineffective assistance of appellate counsel.  The Ohio Supreme Court later held that because the

_____

[2] Roberts also argues that the court of appeals failed to make factual determinations before it dismissed his motion for a delayed appeal.  As already noted, this court has no jurisdiction over alleged errors occurring in such collateral proceedings as a motion for a delayed appeal.  Moreover, any error in failing to make a factual determination in denying a motion for a delayed appeal would be an error of state law.  Federal courts may not award habeas relief based on errors in applying state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

9

alleged ineffective assistance of counsel had occurred at the trial court level, before appellate counsel's involvement with the appellate court, the proper way to raise this issue was *via* a petition for postconviction relief pursuant to § 2953.21.

*Gover* has no application to Roberts' first ground for relief.  The rule proposed by respondent, *i.e.*, that all errors prior to the appellate process should be raised *via* a petition for postconviction relief, would eliminate direct appeal entirely, as all claims raised on direct appeal concern events prior to the appellate process.  The proper reading of *Gover* is that claims of *ineffective assistance of appellate counsel* that allege error prior to initiating the appellate process should be raised by means of a petition for postconviction relief rather than by a motion pursuant to R. 5(A).  This is particularly necessary when the alleged ineffective assistance relies on evidence *dehors* the record for proof, as a petition for postconviction relief is the postconviction remedy for claims requiring support *dehors* the record.  *See State v. Cole*, 2 Ohio St.3d 112, 113-14, 443 N.E.2d 169, 171 (1982); *State v. Hester*, 45 Ohio St.2d 71, 76, 341 N.E.2d 304, 308 (1976); *State v. Smith*, 125 Ohio App.3d 342, 347-48, 708 N.E.2d 739, 742-43 (1997).

In the instant case, Roberts' claim that the trial court failed to inform him of his appellate rights is not a claim of ineffective assistance of appellate counsel, nor does it require evidence *dehors* the record.  It is a claim that can be adjudicated on the basis of the sentencing hearing transcript or the waiver of rights signed by an Ohio defendant pleading guilty.  Thus, this is not a claim that should have been raised in a motion for post-conviction relief pursuant to *Gover*.  It was a motion that should have been raised on direct appeal.  Roberts defaulted this claim by his failure to file a timely notice of

10

appeal.[3]

Roberts now asserts the trial court's failure to advise him of his appellate rights as cause for all his procedural defaults resulting from a failure to file a timely notice of appeal.  The transcript of Roberts' change of plea/sentencing hearing confirms that, indeed, the trial court failed to inform Roberts of his appellate rights at that time. Instead, the court relied on the assurance of Roberts' attorney that he had informed Roberts fully of his constitutional rights.  Transcript of proceedings, July 31, 2006 ("Transcript"), Answer, Exh. 35, p. 5.  Moreover, Roberts claims that he did not sign a waiver of his appellate rights, and respondent does not produce a signed waiver to contradict Roberts.

Failure to inform a defendant of his appellate rights is a violation of due process. While there is no federal constitutional right to an appeal, once a state gives defendants a right to appeal, the state's appellate procedures must comport with the Due Process clause of the Fourteenth Amendment.  *Evitts v. Lucey*, 469 U.S. 387, 403 (1985).  The state of Ohio permits a defendant who has pleaded guilty and received an agreed sentence to appeal the voluntariness of the guilty plea and ineffective assistance of counsel based upon evidence in the record.[4]  However, it does not permit a defendant who has received an agreed sentence within the statutory maximum to appeal that

---

[3]   Roberts first raised this claim in his R. 5(A) motion for a delayed appeal, both as cause for his failure to file a timely direct appeal and as the fourth ground for relief that he intended to raise if the court allowed the delayed appeal.  The trial court dismissed Roberts' motion for direct appeal without opinion, and the Ohio Supreme Court denied Roberts leave to appeal.

[4]   The court considers the latter claim later in the Report and Recommendation.

11

sentence.[5]  Roberts received an agreed sentence, and he does not contend that the sentence exceeded the statutory maximum for the crimes to which he pleaded guilty. Roberts had no right under Ohio law, therefore, to appeal his sentence.  As Roberts had no right to appeal his sentence, the trial court committed no error in failing to inform Roberts that he could appeal his sentence.

However, as Roberts had the right to appeal the voluntariness of his plea and the effectiveness of his counsel based on evidence in the record, these issues require further analysis.  When a defendant has a right to appeal, the Supreme Court has held that the defendant is entitled to the effective assistance of appellate counsel on the first appeal of right.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  The Court has also held that an indigent defendant is entitled to a transcript required for an appeal and to an appointed counsel on the first appeal of right.  *See Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *Douglas v. California*, 372 U.S. 353, 365-57 (1963); and *Evitts*, 469 U.S. at 393. A defendant also has a fundamental right to decide whether to pursue an appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  These rights are meaningless if the defendant does not know of his right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001); *see also Wolfe v. Randle*, 267 F. Supp. 2d 743, 746-50 (S.D. Ohio 2003).  Consequently, the failure of the trial court to inform Roberts in general of his appellate rights was

---

[5] Ohio Rev. Code § 2953.08(D)(1) provides in relevant part as follows:  "A sentence imposed upon a defendant is not subject to review . . . if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

constitutional error, and it may serve as sufficient cause to excuse a procedural default.

The inquiry does not end there, however.  The Supreme Court has held that while a court's failure to inform a defendant of his appellate rights may be cause sufficient to excuse a procedural default, the failure will not excuse a default if the defendant was not prejudiced by that failure.  *Peguero v. United States*, 526 U.S. 23, 27-30 (1999) (finding that a failure to inform a defendant of his right to appeal did not excuse a procedural default because "he had independent knowledge of the right to appeal and so was not prejudiced by the trial court's omission").  The court must consider, therefore, whether Roberts was prejudiced by the trial court's failure to inform him of his appellate rights related to the voluntariness of his plea.

Roberts alleges three errors that made his plea less than knowing, intelligent, and voluntary:  failure to warn Roberts that he was waiving his right to a jury, failure to tell Roberts that his sentence was inconsistent with sentences given other defendants under similar circumstances, and failure to inform Roberts of his limited right to appeal. A defendant who pleads guilty has only a limited right to challenge his conviction on appeal.  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett v. Henderson*, 441 U.S. 258, 267 (1973).  A plea of guilty waives all appealable errors except those errors which are shown to have prevented the defendant from entering into a plea voluntarily.  *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991) (paragraph two of the syllabus).

None of the errors that Roberts alleges undermines the validity of Roberts' plea.

13

First, Roberts errs in asserting that he was not warned that by pleading guilty he was waiving his right to trial by jury.  The transcript of the plea/sentencing hearing shows that the court explicitly and clearly explained Roberts' trial rights to him, including the right to trial by jury:

> THE COURT:  The Constitution of the United States of America and the great State of Ohio guarantee to you the following rights; the right to trial by jury, the right to confront and examine witnesses that the State would present against you, the right to subpoena or force the attendance at trial of any individual who can offer testimony on your behalf, the right to have the State prove you are guilty beyond a reasonable doubt to a jury of 12 or a judge if you were to waive a jury, and the right not to testify at the time of trial and that no one may comment on your silence.  Do you understand your rights?

> THE DEFENDANT:  I do.

> THE COURT:  Now, based on the statement of the prosecuting attorney and your lawyer, I believe it is your intention to plead guilty in Case No. 480193 to Counts 2, 5, and 9, as well as in Case No. 483914 to Counts 1, 4, and 5.  Do you understand that if you plead guilty you are waiving your trial rights and you are admitting the truth of the charge to which you are pleading?

> THE DEFENDANT:  I do.

Transcript at 8-9.  Roberts indicated that he understood his rights, including the right to a jury trial, and understood that he was waiving those rights by pleading guilty.  He will not be heard, therefore, to say that he was not warned that he would be waiving his right to a jury trial by pleading guilty.

Second, the court was not required to tell Roberts that his sentence was inconsistent with the sentences of other defendants under similar circumstances.  Ohio Crim. R. 11(C) (2) describes all the disclosures that the court should make to a felony defendant before accepting a guilty plea:

> In felony cases the court . . . shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

14

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

The Ohio Supreme Court has held that a trial court must strictly comply with the provisions of Crim. R. 11(C)(2)(c), which relate to the waiver of constitutional rights. *State v. Ballard*, 66 Ohio St. 2d 473, 423 N.E.2d 115 (1981) (paragraph one of the syllabus). As was shown above, the trial court complied with the provisions of Crim. R. 11(C)(2)(c). A trial court need only substantially comply with the non-constitutional requirements of Crim. R. 11(C)(2)(a) & (b). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). Examination of the Transcript at 1-13 demonstrates beyond a doubt that the trial court substantially complied with the non-constitutional requirements of Crim. R. 11(C)(2)(a) & (b). The court, therefore, satisfied its legal obligations in the disclosures in made to Roberts prior to his pleading guilty. Neither Ohio law nor the federal constitution required the court to tell Roberts that his sentence may have been inconsistent with the sentences of other defendants under similar circumstances.

Third, an Ohio court is not required to tell a defendant of his appellate rights

15

before the defendant enters a plea of guilty.  Neither the federal constitution nor Ohio

Crim. R. 11 requires any disclosure of appellate rights prior to receiving a plea of guilty.

Ohio Crim. R. 32(B) requires the court to inform the defendant of his appellate rights

only *after* imposing sentence, which is necessarily after any plea of guilty.

In sum, Roberts was told that by pleading guilty he would waive his right to a jury

trial.  Neither Ohio nor the federal constitution requires that a defendant be told before

pleading guilty that his sentence may be inconsistent with sentences given other

defendants under similar circumstances or that by pleading guilty he has a limited right

to appeal.  Moreover, the trial court's colloquy with Roberts satisfied all federal

constitutional requirements and substantially satisfied all Ohio's requirements for a

knowing, intelligent, and voluntary plea of guilty.  His contentions that his guilty plea was

not knowing, intelligent, and voluntary are entirely without merit.

To summarize, Roberts had no right to appeal his agreed sentence, and any

appeal based on a claim that his guilty plea was not knowing, intelligent, and voluntary

would have been meritless.  All other grounds for appeal based on errors in his

conviction or sentence were waived by his guilty plea.  Roberts was not prejudiced,

therefore, by the failure of the trial court to form him of his appellate rights after

sentencing.  As Roberts cannot show prejudice resulting from the failure to inform him

of his appellate rights, his procedural default in not timely filing a direct appeal is not

excused.

Roberts also claims that the court should excuse his procedural default because

failure to do so would result in a manifest miscarriage of justice.  In support of this claim,

Roberts asserts that he is innocent of the crimes to which he pleaded guilty.  Innocence

is not a ground for habeas relief, although a claim of innocence allows a federal court to review the merits of an otherwise procedurally-defaulted claim. *See Herrera v. Collins, 506 U.S. 390 (1993)*; *Murray v. Carrier, 477 U.S. 478 (1986)*. The "actual innocence" exception requires the petitioner to show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of all the evidence. *Allen v. Yukins, 366 F.3d 396, 406 (6h Cir. 2004)* (citing *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Proving that the case against the petitioner was legally flawed is not enough. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States, 523 U.S. 614, 623 (1998)* (citing *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992)).

Roberts advances no evidence to demonstrate his actual innocence. Rather, he argues that (1) the prosecutor withheld evidence that would have undermined the propriety of the arrest and search that obtained the evidence used against him and (2) trial counsel was ineffective for failing to request exculpatory material and otherwise investigate his case. These arguments attack the legal sufficiency of his case. Such arguments do nothing to demonstrate that Roberts was actually innocent of the crimes of which he was accused. Because Roberts does nothing to demonstrate his innocence, his procedural default in failing to file a direct appeal timely should not be excused on the ground that a failure to waive his procedural default will result in a miscarriage of justice.

Roberts defaulted the claims that he could have raised on direct appeal by failing to file a direct appeal timely. Although he argues that this default should be excused because the trial court failed to tell him of his appellate rights, he does not demonstrate

17

prejudice resulting from that failure.  In addition, his argument that the default should be excused to avoid a fundamental miscarriage of justice is without merit because he presents no evidence to demonstrate that he is actually innocent.  Consequently, the court should dismiss Roberts' first ground for relief as procedurally defaulted.

B.     *Ground two:  Trial counsel rendered ineffective assistance of counsel by failing to tell Roberts of his right to appeal*

In his second ground fro relief, Roberts contends that he received ineffective assistance of trial counsel because trial counsel failed to inform him of his limited right to appeal.  Respondent argues that Roberts procedurally defaulted this claim because it should have been raised in a petition for postconviction relief pursuant to § 2953.21.

As has already been shown, *Gover* requires that all claims of ineffective assistance of counsel based on appellate error prior to initiating the appellate process or requiring evidence *dehors* the record should be raised by means of a petition for postconviction relief pursuant to § 2953.21.  The error of which Roberts complains, counsel's failure to inform him of his appellate rights, requires evidence *dehors* the record for its adjudication.  That claim, therefore, should have been raised *via* a petition for postconviction relief.

Roberts filed a petition for postconviction relief on February 21, 2007.  In his petition, Roberts alleged that he had received ineffective assistance of trial counsel when counsel failed to conduct pretrial discovery, failed properly to assert Roberts' Fourth Amendment claims, failed to move for a bill of particulars, failed to move to suppress certain evidence, and waived a suppression hearing.  He did not assert that trial counsel had been ineffective for failing to inform him of his appellate rights, and he

18

did not assert that claim in any other petition for postconviction relief.  To properly present a constitutional claim, that claim must be presented to the state courts under the same theory argued in federal court.  *Wong v. Money*, 142 F.3d 313, 322 (6th. Cir. 1998).  Roberts procedurally defaulted, therefore, his second ground for relief.

Roberts argues that his procedural default of his claim of ineffective assistance of counsel should be excused because the trial court failed to inform him of his appellate rights.  This argument, however, is not well taken.  An Ohio court is required when it sentences a defendant to tell that defendant of his right, if any, to a direct appeal under Ohio law.  Ohio Crim. R. 32(B).  But Roberts' claim of ineffective assistance of counsel could not have been raised on direct appeal.  As already shown, it should have been raised in a petition for postconviction relief pursuant to § 2953.21.  Thus, the trial court's failure to inform Roberts of his appellate rights had no effect on Roberts' ability to assert this claim of ineffective assistance of counsel timely.  The failure of the trial court to inform Roberts of his appellate rights, therefore, cannot serve as cause for Roberts' default of his claim that counsel was ineffective for failing to tell him of his appellate rights.

Roberts also argues that a failure to waive his procedural default of this claim of ineffective assistance of counsel will result in a fundamental miscarriage of justice.  As has already been shown, Roberts provides no evidence to support this argument.

Because Roberts fails to show cause and prejudice for his default of his claim of ineffective assistance of counsel for failing to inform him of his appellate rights and because he fails to demonstrate that enforcing the default will result in a miscarriage of justice, the court should dismiss Roberts' second ground for relief as procedurally

defaulted.

C.     *Ground three:  Whether failure to raise on direct appeal a claim of ineffective assistance of counsel due to discovery errors and errors in adjudicating Roberts' Fourth Amendment claims bars later adjudication of the issue by res judicata*

Roberts argues that the state courts erred when they held that *res judicata* barred adjudication in a petition for postconviction relief Roberts' claim of ineffective assistance of counsel.  Roberts based this claim of ineffective assistance of counsel on alleged discovery errors and on a failure to raised Fourth Amendment claims.  The state trial court held that these claims were barred by *res judicata* because Roberts should have raised these issues on direct appeal.[6]

Even if Roberts' argument  is correct, this would not save the claims of ineffective assistance of trial counsel described in his third ground for relief.  As has already been shown, a plea of guilty in Ohio waives any alleged constitutional errors occurring before the guilty plea.  Consequently, Roberts waived his right to appeal any claim of ineffective assistance of counsel on these grounds when he pleaded guilty.

Thus, because the third ground for relief does not state an issue on which this court may grant relief and because Roberts waived his right to appeal the underlying issue of ineffective assistance of counsel, this court should dismiss Roberts' third ground for relief.

---

[6] Generally in Ohio, "*res judicata* bars the further litigation of issues that were raised or could have been raised on direct appeal." *State v. Dehler*, 73 Ohio St. 3d 307, 307, 652 N.E.2d 987, 987 (1995).

Nevertheless, it appears to this court that the allegations of ineffective assistance of counsel contained in ground three would require evidence *dehors* the record for support. Consequently, the contention that they should have been raised on direct appeal seems dubious.  This apparent error, however, is harmless, since the alleged discovery errors and Fourth Amendment claims were waived by Roberts when he pleaded guilty.

D.    *Ground four:  Whether Roberts had a full and fair opportunity to adjudicate his Fourth Amendment claims in state court*

Again, Roberts' guilty plea  waived any alleged constitutional violation occurring prior to his pleading guilty.  Consequently, Roberts has waived his right to appeal any alleged violations of his Fourth Amendment rights occurring prior to Roberts' guilty plea. Roberts cites no federal right violated by this waiver.  This court, therefore, should dismiss Roberts' fourth ground for relief.

E.    *Ground five:  Whether alleged prosecutorial suppression of evidence favorable to the defense violated Roberts' Due Process rights*

Once more, Roberts waived by pleading guilty any claims based on alleged prosecutorial conduct occurring before his guilty plea.  He cites no federal law violated by this waiver.  The court should, therefore, dismiss Roberts' fifth ground for relief.

In sum, Roberts has procedurally defaulted or waived all his grounds for relief. As he fails to demonstrate cause and prejudice for his defaults or demonstrate that a manifest miscarriage of justice would occur if the defaults and waivers are enforced, they should not be excused.

III.  Conclusion

For the foregoing reasons, the court should dismiss Roberts' petition.


                                                  */s/ Nancy A. Vecchiarelli*
Date:  April 16, 2009                   United States Magistrate Judge


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the**

21

specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.