UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID W. ROBERTS, *Pro Se*, ) | Case No.: 1:08 CV 1473 |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| RICH GANSHEIMER, WARDEN, ) | |
| ) | |
| Respondent ) | <u>ORDER</u> |

Pending before the court is *Pro Se* Petitioner David W. Roberts's ("Petitioner" or "Roberts") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner also filed the following Motions: (1) Motion for Leave to Conduct Discovery (ECF No. 19); (2) Motion for Leave to Conduct Discovery (ECF No. 20); and (3) Motion for Leave to Supplement his Objections to the Magistrate Judge's Report and Recommendation (ECF No. 28). This case was referred to Magistrate Judge Nancy A. Vecchiarelli (the "Magistrate Judge") for preparation of a Report and Recommendation ("R&R") on Roberts' Petition. The Magistrate Judge issued an R&R on April 16, 2009, recommending that his Petition be denied. (ECF No. 25.) She also issued an R&R recommending that the pending Motions for Leave to Conduct Discovery be denied as moot. (ECF No. 24). For the following reasons, the court grants Roberts' Petition for habeas relief and his Motion for Leave to Supplement his Objections, and denies as moot his Motions to Conduct Discovery.

### I. BACKGROUND

#### A. Procedural History of Roberts' Criminal Case

Roberts was indicted by two separate grand juries for the following offenses: six counts of drug possession; four counts of drug trafficking; two counts of trafficking with a school yard specification; and two counts of possession of criminal tools. On July 31, 2006, Roberts pled guilty to two counts of drug trafficking, two counts of drug possession, and two counts of possession of criminal tools. He received an agreed sentence of six years for all counts.

Roberts did not timely appeal his conviction, but on November 7, 2006, he requested the trial court to withdraw his guilty plea, alleging that his counsel failed to conduct a pretrial investigation of all of his charges, and the court failed to obtain and file a signed waiver of a jury trial. The trial court denied this request. Roberts, without counsel, thereafter requested before the state appellate court leave to file a delayed appeal, arguing that the trial court failed to inform him of his right to appeal and his trial counsel failed to do so as well. The appellate court denied his request to file a delayed appeal without opinion, and the Supreme Court of Ohio denied leave to appeal. Again in February of 2007, Roberts reasserted a similar request for leave to file a delayed appeal before the state appellate court and then to the Ohio Supreme Court, but both summarily dismissed the appeal.

After these unsuccessful delayed appeals, Roberts filed a petition for post-conviction relief before the trial court. He alleged that he was entitled to relief because trial counsel failed to conduct pretrial discovery, to present his Fourth Amendment claims, to challenge the state's case, to file a motion for a Bill of Particulars, and to seek to suppress illegally seized evidence. The trial court, however, denied his petition, finding that *res judicata* bars his claims because they could have been raised at trial or on direct appeal but were not. The trial court also found that when Roberts

voluntarily, knowingly, and intelligently entered a guilty plea, he waived any purported constitutional violation that occurred prior to entering that plea. Lastly, the court held that his ineffective assistance of counsel claims failed because he did not present sufficient evidence to support that claim.

Roberts timely appealed the decision, arguing that *res judicata* was inapplicable to his case, the trial court failed to base its ruling on the facts in the record, and the court erred in determining that he was not denied effective assistance of counsel. The state appellate court rejected these arguments and denied his appeal. The Ohio Supreme Court also denied the appeal.

### B. The Magistrate Judge's Report and Recommendation

On June 18, 2008, Roberts filed the instant Petition before this court pursuant to 28 U.S.C. § 2254. He asserts the following five grounds for relief:[1]

> Ground 1: Petitioner was denied Due Process and Equal Protection of the law, when the trial court did not inform him of his appellate rights and his subsequent application for leave to file a delayed appeal was denied, in violation of the Fourteenth Amendment to the United States Constitution.
>
> Ground 2: Appellant was denied effective assistance of counsel when trial counsel failed to inform Petitioner of his limited right to appeal in violation of the Sixth Amendment of the United States Constitution.
>
> Ground 3: Contrary to the Fourth Amendment, made applicable to the States by the Fourteenth Amendment prohibiting police from making warrantless and nonconsensual entry into a suspect's home, the police herein with reckless disregard of the constitutional mandate conducted a warrantless arrest, search and seizure without probable cause or exigent circumstance.
>
> Ground 4: Defense counsel failed to bring to bear the necessary skill

---

[1] The court permitted Roberts to amend his Petition to add the final three grounds stated above. (ECF Nos. 10 and 11.)

> and knowledge to render the trial a reliable adversarial testing process as guaranteed by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> Ground 5: The suppression of evidence by the Prosecution favorable to an accused violates due process of law where the evidence is material either to guilt or to punishment, irrespective of any claim of good faith contrary to the express provisions contained and guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

In addition to his Petition, Roberts also filed two Motions for Leave to Conduct Discovery, arguing that discovery is necessary to further support grounds two through five of his Petition.

After the Petition was ripe for decision, the Magistrate Judge issued an R&R, concluding that the court should dismiss Roberts's Petition. With regard to the first ground that the trial court failed to inform him of his right to a direct appeal, and he was thereafter denied his right to a delayed appeal, the Magistrate Judge concluded that he defaulted on this claim by failing to timely raise it on direct appeal. She further stated that this court has no jurisdiction over alleged errors occurring in a collateral proceeding such as a motion for a delayed appeal. (R&R at 6-7, ECF No. 25, citing *DiCenzi v. Rose*, 452 F.3d 844, 853 (6th Cir. 2007).)

Roberts, however, argued that his procedural default should be excused because he has cause for the default and was also prejudiced by the trial court's failure to inform him of his appellate rights. In response, the Magistrate Judge concluded that while Roberts demonstrated sufficient cause to excuse the procedural default, he could not demonstrate any resulting prejudice because even if he had directly appealed, the grounds that he would have raised would have been unsuccessful.

Specifically, the Magistrate Judge found that the following three purported errors that he would have asserted on appeal would have failed: (1) failure to warn him that he was waiving his right to a jury; (2) failure to inform him that his sentence varied from other defendants convicted

of similar crimes; and (3) failure to inform him of his limited right to appeal. The Magistrate Judge concluded that each ground would fail because they do not undermine the validity of his guilty plea. With regard to the first ground, she found that Roberts was in fact warned that he was waiving his right to a jury by entering a guilty plea. Second, she found that the court was not required to inform Roberts that his sentence was inconsistent with others convicted of similar crimes. (R&R at 15, citing *State v. Stewart*, 364 N.E.2d 1163 (Ohio 1977).) Lastly, she explained that a court is not required to advise a defendant of his appellate rights *before* entering a guilty plea; therefore, any failure to do so after entering the guilty plea would have been insufficient to undermine the validity of his guilty plea. (R&R at 16, citing Ohio Crim R. 32(b).) She concluded that while Roberts could demonstrate cause for procedural default, he could not successfully demonstrate prejudice.

The Magistrate Judge also rejected Roberts's argument that the procedural default should be excused for actual innocence because he failed to put forth any evidence demonstrating his innocence. She recommended that the court deny the first ground because it was procedurally defaulted.

The Magistrate Judge also found that Roberts also had procedurally defaulted on his second ground for relief that trial counsel was ineffective by failing to inform him of his right to appeal. She determined that he was required to raise this claim on a petition for post-conviction relief before the state trial court. (R&R at 18, citing *State v. Gover*, 645 N.E.2d 1246, 1248-49 (Ohio 1995).) Roberts had in fact filed a motion for post-conviction relief but failed to raise this claim before the court; therefore, the Magistrate Judge concluded that this ground should be dismissed.

For the final three grounds, the Magistrate Judge determined that each failed on the merits. She explained that all three grounds are based on purported constitutional errors that occurred before Roberts entered his guilty plea. She concluded that under Ohio law, Roberts waived his right to appeal any of these grounds when he entered a guilty plea. (R&R at 13, 20-21, citing *Tollett v.*

*Henderson*, 441 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").)

After determining that each ground failed, the Magistrate Judge recommended that the court dismiss Roberts's Petition. The Magistrate Judge also recommended that the court deny Roberts's Motions for Leave to Conduct Discovery as moot. (R&R, ECF No. 24.) Roberts submitted an Objection to the Magistrate Judge's R&R, in which he contends that her conclusions were erroneous with regard to each ground. Roberts also submitted an unopposed Motion for Leave to Supplement Petitioner's Objections to the Magistrate Judge's Report and Recommendation with Supporting Affidavit that included an affidavit supporting his Objection to the R&R, which the court now grants.

## II. DISCUSSION

The court finds that after *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions with regard to the last four grounds of Roberts's Petition are fully supported by the record and controlling case law. The court, however, disagrees with regard to the Magistrate Judge's recommendation to dismiss the first ground of his Petition. The Magistrate Judge concluded that he procedurally defaulted on the first ground regarding whether he was improperly denied an appeal after the trial court failed to inform him of his right to appeal. For the following reasons, the court finds that Roberts did not procedurally default on this ground and finds that this ground is successful on the merits.

**A. Procedural Default**

Before proceeding to the merits of a habeas relief claim, the court must determine whether the claim has been sufficiently presented to the state court. *See Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008). When a petitioner raises an issue in a habeas petition that has not been presented in the state courts, the issue is waived unless the petitioner can demonstrate cause to excuse the waiver and actual prejudice by the alleged violation of federal law. *See id.*; *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not, and now may not be presented to the state courts due to a procedural defect or waiver.") The Magistrate Judge correctly concluded that Roberts was required to raise his first ground of relief, that he was not notified of his right to an appeal, before a state appellate court on direct appeal. She also correctly found that because he was never notified of this right, he had cause sufficient to excuse this procedural default. *See Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001); *Wolfe v. Randle*, 267 F. Supp. 2d 743, 746-50 (S.D. Ohio 2003).

With regard to prejudice, she also correctly concluded that a trial court's failure to inform a defendant of his appellate rights is a violation of federal law. *See, e.g., Peguero v. United States*, 526 U.S. 23, 27-30 (1999); *Wolfe*, 267 F. Supp. 2d at 747 ("Precedent therefore dictates that failure to inform an indigent defendant of their appellate rights violates due process.") However, she incorrectly found that Roberts was not prejudiced by the trial court's failure to inform him of his right to appeal. She determined that the arguments that Roberts would have raised on appeal would have failed, and therefore he was not prejudiced by the appellate court's decision to deny his delayed appeal. An identical argument was explicitly rejected in *Thompson v. Wilson*, 523 F. Supp. 2d 626, 632 (N.D. Ohio 2007), as cited by Roberts. This court finds the reasoning in that case to be persuasive.

In *Thompson*, the petitioner accepted a plea deal but was never informed by his counsel or the trial court of his limited right to appeal. *Id.* at 629-30. When he attempted to file a delayed

-7-

appeal, the appellate court denied his request summarily without addressing the merits of his appeal. *Id.* at 630. The petitioner raised this ground on habeas relief, but the respondent warden argued that he had procedurally defaulted by failing to raise this ground on direct appeal. *Id.* at 631. The warden argued that while the petitioner could demonstrate cause to overcome procedural default, he could not demonstrate prejudice. *Id.* at 632. The warden claimed that any error by the trial court in failing to inform the defendant of his right to appeal was harmless because his proposed assignments of error asserted in his delayed appeal were without merit. *Id.* The court rejected this argument, stating the following:

> If leave to file the delayed appeal had been granted, the appellate court would have to have appointed counsel to pursue the appeal. Counsel would not necessarily have raised the same grounds for relief proposed by petitioner. Thus, this Court, cannot apply the harmless error standard and evaluate the proposed grounds for relief asserted by petitioner.

*Id.*

The facts of *Thompson* are identical to the instant case. The record confirms that Roberts also pled guilty but was unaware of his right to appeal. He later sought, without the help of counsel, to file a delayed appeal but his request was also summarily denied by the appellate court. The court agrees with the rationale presented in *Thompson* that it is ultimately futile to engage in a harmless error determination because the court cannot say with any certainty what claims Roberts would raise through counsel on appeal if permitted. Therefore, the trial court's failure to inform him of his right to an appeal was prejudicial as he was denied the opportunity to raise potentially meritorious claims. Accordingly, his claim survives this procedural hurdle, and the court is permitted to reach the merits of this claim.

### B. Merits of Claim

Federal courts have the power to review a habeas petitioner's state conviction on the ground

that his or her confinement violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal court may grant a petition for relief under 28 U.S.C. § 2254 if the state court's adjudication was: (1) contrary to, or involved an unreasonable application, of clearly established Federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See* 28 U.S.C. § 2254; *Williams v. Taylor*, 529 U.S. 362, 367 (2000).

Here, Roberts contends that the state court's failure to inform him of his appellate rights and the subsequent denial of his delayed appeal violated his due process rights and was contrary to clearly-established federal law. While federal courts generally lack jurisdiction to review collateral state proceedings such as a delayed appeal, this court is permitted to review whether the Ohio appellate court, in denying a delayed appeal, deprived the petitioner of a constitutionally protected right. *See Ruff v. Moore,* No. C-1-04-14, 2006 U.S. Dist. LEXIS 54298, at *23-*26 (S.D. Ohio July 18, 2006) (citing *Wilburn v. Houk*, No. 1:02CV860, 2005 U.S. Dist. LEXIS 43403, at *36 (S.D. Ohio July 18, 2006); *Wolfe*, 267 F. Supp. 2d at 747-49.

It is well-settled that "[t]he Constitution is violated if a convicted defendant is not given the right to appeal 'by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel.'" *Wolfe*, 267 F. Supp. 2d at 747 (citing *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001)). This right includes knowledge regarding the limited right to appeal following the entry of a guilty plea. *See id.* at 747-48. The burden of proof rests on the petitioner to demonstrate that he was not informed of his right to appeal. *Id.* at 748 (citing *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir. 1974)). The petitioner's claim in this regard fails if he had personal knowledge of his right to appeal. *Id.*

In the instant case, the transcript of Roberts's proceedings before the trial court indicates that the court did not inform him of his limited right to appeal. It shows only that Roberts's attorney

-9-

stated that he had informed him of his constitutional rights and that the court potentially relied on this statement, but there is no statement from the court regarding his right to appeal. (Transcript of Proceedings at 5, ECF No. 14-3, Ex. 35.) Roberts further submitted an affidavit that his trial counsel never informed him of his appellate rights. (Roberts' Aff. at ¶ 2, ECF No. 28.) He also contends that he had no independent knowledge of these rights. (Roberts' Aff. at ¶ 5.) Respondent does not negate these facts or otherwise argue that Roberts had this knowledge. Thus, there is sufficient evidence to demonstrate that he was unaware and uninformed of his right to appeal.

The trial court's failure to inform him of his right to appeal and the appellate court's subsequent denial of his delayed appeal amounted to a violation of his due process rights, as multiple courts have concluded. *See, e.g., Wolfe*, 265 F. Supp. 2d at 747, 750; *Thompson*, 523 F. Supp. 2d at 632; *Ruff*, 2006 U.S. Dist. LEXIS at \*26. Furthermore, as stated in *Wolfe*, Supreme Court precedent clearly establishes that due process requires a defendant to be apprised of his right to appeal. The court in *Wolfe* summarized the supporting Supreme Court case law as follows:

> The Supreme Court has previously stressed that an indigent defendant must be afforded certain procedural protections so that they may properly pursue their appellate rights. *See Griffin v. Illinois*, 351 U.S. 12 (1956), right for an indigent defendant a transcript for pursuing their appeal; *Douglas v. California*, 372 U.S. 353 (1963), indigent defendants have a right to counsel for their first appeal; *Evitts v. Lucey*, 469 U.S. 387 (1985), all defendants have the right to effective assistance of appellate counsel. These rights all presuppose that the defendant is informed of the appellate rights. Due process is offended if a defendant who pleads guilty is not made aware of his right to appeal. This proposition is unaffected by the lack of an explicit constitutional requirement.

*Wolfe*, 267 F. Supp. 2d at 750.

The state appellate court's decision to summarily deny his delayed appeal in the face of the trial court's failure to inform him of his right to appeal deprived him of his constitutionally protected right to appeal. This decision to deny the delayed appeal despite the trial court's failure

-10-

to inform him of his right to appeal was also contrary to clearly-established Supreme Court precedent, which mandates that convicted defendants be apprised of this right. As Petitioner successfully demonstrates that the state appellate decision was contrary to clearly-established federal law, habeas relief pursuant to 28 U.S.C. § 2254 is therefore warranted in this case.

The court hereby orders that Petitioner must be released from custody within 90 days unless the state grants him leave to file a delayed appeal. As the court finds that there is sufficient evidence to support the first ground of Roberts's habeas petition, no further evidence is required in the case. The court, therefore, denies as moot Roberts's Motions for Leave to Conduct Discovery.

### III. CONCLUSION

For the foregoing reasons, the court grants Roberts's Petition for habeas relief. The state must grant him leave to file a delayed appeal within 90 days of this Order. If Petitioner is not provided an appeal within this time period, the state must release him from custody. The court further denies as moot Roberts's Motions for Leave to Conduct Discovery (ECF Nos. 19 and 20) and grants his Motion for Leave to Supplement His Objections to the Magistrate Judge's Report and Recommendation (ECF No. 28).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 3, 2009