UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID W. ROBERTS, *Pro Se*, | ) | Case No.: 1:08 CV 1473 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| RICH GANSHEIMER, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner David W. Roberts's ("Petitioner") Motion Seeking Enforcement of the Court's Order Granting a Conditional Writ of Habeas Corpus. (ECF No. 32.) For the following reasons, the court hereby denies Petitioner's Motion.

### I. FACTS AND PROCEDURAL HISTORY

Roberts was indicted by two separate grand juries for the following offenses: six counts of drug possession, four counts of drug trafficking, two counts of trafficking with a school yard specification, and two counts of possession of criminal tools. On July 31, 2006, Roberts pled guilty to two counts of drug trafficking, two counts of drug possession, and two counts of possession of criminal tools. He received an agreed sentence of six years for all counts.

Roberts did not timely appeal his conviction, but on November 7, 2006, he requested that the trial court withdraw his guilty plea, alleging that his counsel failed to conduct a pretrial investigation of all his charges and that the court failed to obtain and file a signed waiver of a jury

trial. The trial court denied this request. Thereafter, Roberts, without counsel, requested leave before the appellate court to file a delayed appeal, arguing that both the trial court and his trial counsel failed to inform him of his right to appeal. The appellate court denied his request to file a delayed appeal without opinion, and the Supreme Court of Ohio denied leave to appeal. In February of 2007, Roberts reasserted a similar request for leave to file a delayed appeal before the state appellate court and, thereafter, the Ohio Supreme Court. Both summarily dismissed the request.

After these unsuccessful attempts at delayed appeal, Roberts filed a petition for post-conviction relief before the trial court. He alleged that he was entitled to relief because trial counsel failed to conduct pretrial discovery, present his Fourth Amendment claims, challenge the state's case, file a motion for a Bill of Particulars, or seek to suppress illegally seized evidence. The trial court denied his petition, finding that *res judicata* barred his claims because they could have been raised at trial or on direct appeal but were not. The trial court also found that when Roberts voluntarily, knowingly, and intelligently entered a guilty plea, he waived any purported constitutional violation that occurred prior to entering that plea. Lastly, the court held that his ineffective assistance of counsel claim failed because he did not present sufficient evidence to support it.

Roberts timely appealed the decision, arguing that *res judicata* was inapplicable to his case, that the trial court failed to base its ruling on the facts in the record, and that the court erred in determining he was not denied effective assistance of counsel. The state appellate court rejected these arguments and denied his appeal, as did the Ohio Supreme Court.

On June 18, 2008, Roberts filed a Petition before this court pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The court subsequently permitted him to amend his Petition (ECF Nos. 10 and 11) to state a total of five grounds for relief:

> (1) Petitioner was denied Due Process and Equal Protection of the law, when the trial court did not inform him of his appellate rights and his subsequent application for leave to file a delayed appeal was denied, in violation of the Fourteenth Amendment to the United States Constitution.
>
> (2) Appellant was denied effective assistance of counsel when trial counsel failed to inform Petitioner of his limited right to appeal in violation of the Sixth Amendment of the United States Constitution.
>
> (3) Contrary to the Fourth Amendment, made applicable to the states by the Fourteenth Amendment prohibiting police from making warrantless and nonconsensual entry into a suspect's home, the police herein with reckless disregard of the constitutional mandate conducted a warrantless arrest, search and seizure without probable cause or exigent circumstance.
>
> (4) Defense counsel failed to bring to bear the necessary skill and knowledge to render the trial a reliable adversarial testing process as guaranteed by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> (5) The suppression of evidence by the Prosecution favorable to an accused violates due process of law where the evidence is material either to guilt or to punishment, irrespective of any claims of good faith contrary to the express provisions contained and guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(ECF No. 29 at 3-4.)

In addition to his Petition, Roberts also filed two Motions for Leave to Conduct Discovery, arguing that discovery was necessary to further support several of the grounds stated in his Petition.

The Magistrate Judge issued a Report and Recommendation recommending that the court dismiss Roberts's Petition because each of his five grounds failed for either procedural or

substantive reasons. The Magistrate Judge also recommended that the court deny Roberts's Motions for Leave to Conduct Discovery as moot. (R&R, ECF No. 24). Roberts submitted an Objection to the Magistrate Judge's R&R in which he contended that her conclusions were erroneous with regard to each ground. He also submitted an unopposed Motion for Leave to Supplement Petitioner's Objections to the Magistrate Judge's Report and Recommendation with Supporting Affidavit, which the court granted.

After a *de novo* review of the R&R and all other relevant documents, the court found that the Magistrate Judge's conclusions with regard to four of the five grounds in Roberts's Petition were fully supported by the record and controlling case law. The court disagreed, however, with the Magistrate Judge's recommendation to dismiss the first of the five grounds. The Magistrate Judge had concluded that Roberts procedurally defaulted on the first ground. The court found that Roberts did not procedurally default on that ground, and further concluded that his petition should be granted on the merits on this ground.

As a result of these findings, the court granted Roberts's Petition for habeas relief on June 3, 2009, but granted only conditional relief. (ECF No. 29.) The Order directed the state to either grant Roberts leave to file a delayed appeal within 90 days, or to release him from custody. Within the same Order, the court also denied as moot Roberts's Motions for Leave to Conduct Discovery (ECF Nos. 19 and 20).

Respondent, Warden Rich Gansheimer ("Respondent"), acted in accordance with the conditional habeas Order. On behalf of the state, he filed a Notice of State Court Proceedings on July 29, 2009, well within the 90-day time limit imposed by the Order. (ECF No. 31.) This Notice

indicated that the Eighth District Court of Appeals had reopened Roberts's appeal and appointed counsel to represent him.

Roughly seven months later, on February 23, 2010, Roberts filed the Motion currently before the court, seeking enforcement of the court's Order granting conditional habeas relief. (ECF No. 32.) He urged the court to grant him an unconditional Writ of Habeas Corpus, a sentence reduction proportional to the delay that he has experienced, or an Order stating that he must be released unless the state court hears his appeal within a reasonable time.

## II. DISCUSSION

In order to determine whether a petitioner is entitled to any further relief from a federal district court after issuance of a conditional habeas order, the inquiry ordinarily begins and ends with whether or not the state complied with the terms of the order. *Gentry v. Dueth*, 456 F.3d 687, 692 (6th Cir. 2006) ("when a state meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter").

Here, the Order issued on June 3, 2009, concluded by stating that "[t]he state *must grant* [Roberts] *leave to file a delayed appeal* within 90 days of this Order" or, alternatively, release him from custody. (ECF No. 29, emphasis added). This was the only condition in the Order, and it is undisputed that the state complied with its terms. Roberts admits that the Court of Appeals granted the state's motion to reopen his appeal. (Mot. at 2, ECF No. 32.) Accordingly, under *Gentry*, the court no longer retains jurisdiction over the case.

Petitioner challenges this conclusion by quoting language from *Gentry* indicating that "district courts retain jurisdiction to execute a lawful judgment *when it becomes necessary*." (Reply at 2, ECF No. 34, emphasis by Petitioner.) He describes in detail the seven months of state court

-5-

proceedings after the Court of Appeals reopened his appeal pursuant to the court's Order. Dissatisfied with delays and what Roberts perceives as unfair procedural rulings, which indicate the state court is not acting in good faith, he concludes that the state has not substantially complied with the court's Order. (Mot. at 6-10, ECF No. 32.) As a result, he claims that further federal intervention is necessary. Roberts asserts that "it has become an effort in futility to obtain timely, meaningful, appellate review . . . [J]ust because the court of appeals granted the State's Motion to Reopen Petitioner's Appeal, doesn't mean adjudication is in sight." (*Id*. at 16.)

A closer look at the paragraph containing the language Roberts quotes provides clarification of the court's actual meaning regarding the jurisdiction retained by the district court. The *Gentry* court stated: "[a] state's failure to timely cure *the error identified by a federal district court in its conditional habeas order* justifies the release of the petitioner." *Gentry*, 456 F.3d at 692 (emphasis added). As the state cured the only error identified in the conditional habeas order, it is not "necessary" for the court to execute its Order.

Petitioner argues, alternatively, that delays at the state court level constitute bad faith entitling him to relief from the federal courts. However, the Sixth Circuit has emphasized that federal habeas review exists so that federal judges may correct constitutional mistakes at the state level, not so that they can intervene in response to ordinary procedural delays. *Eddleman v. McKee*, 586 F.3d 409, 413 (6th Cir. 2009). In *Eddleman*, a habeas petitioner argued that the state court could comply with the letter of a conditional habeas order, but still subvert its intent by using procedural delays "'to indefinitely detain' successful habeas petitioners 'by simply scheduling a trial date and then cancelling it, leaving the defendant to rot in jail for years without judicial review.'" *Id*. In rejecting the petitioner's claim, the court noted that his argument "assumes, ultimately, either the

incompetence or the bad faith of [the] state judiciary. We reject that assumption: The premise of federal habeas review is that state-court judges (like federal ones) sometimes make constitutional mistakes - not that they are any less conscientious in discharging their oaths than federal judges are." *Id*. The grievances raised in Roberts's Motion are highly analogous to those raised by the *Eddleman* petitioner, in that they essentially amount to complaints over procedural delays in the state court system. The court assumes good faith and competence on the part of the state judiciary, and nothing found in Roberts's filings adequately rebuts those assumptions. *Eddleman* noted that it was not the district court's place to essentially "adjudicate a speedy-trial claim that had never been presented to, much less ruled upon by, the . . . state courts." *Id*.

Roberts admits that he has yet to exhaust available state remedies, which in most cases precludes a claim under § 2254. However, he points to a provision in that section allowing federal courts to intervene before state remedies are exhausted if "circumstances exist that render [available state corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). However, this provision is applied only sparingly, and in extraordinary circumstances. It does not apply in cases of ordinary delays in the state appellate process. *See, e.g., Turner v. Bagley*, 401 F.3d 718, 722 (6th Cir. 2005) (even though petitioner had not exhausted state appeals, an unconditional habeas writ was warranted after a series of court-appointed appellate attorneys failed to file an assignment of errors or supporting brief on direct appeal for over seven years, the state appellate court refused to permit petitioner to raise issues *pro se*, and his case remained on the docket for nearly eleven years without meaningful attention); *see also Harris v. Champion*, 938 F.2d 1062, 1066 (10th Cir. 1991), *rev'd in part on other grounds*, 15 F.3d 1538 (10th Cir. 1994) (a public defender's estimated four-year delay in filing an appellate brief due to

"scheduling difficulties" was sufficient to excuse the requirement that appellant exhaust state remedies).

The statute identifies no specific time limit after which delays in state court might render state processes "ineffective" and thus excuse failure to exhaust state remedies. However, even the cases cited in Roberts's filings involve much longer periods of inactivity than the amount of time at issue in his own case. *See e.g., Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (prisoner's petition for post-conviction relief "languished in the state courts for more than three years without the Court of Common Pleas making the required findings of fact and conclusions of law. The state can point only to the 'turnover of judges and dispersement of caseloads' as the reasons for the delay."); *Carpenter v. Young*, 50 F.3d 869 (10th Cir. 1995) (more than two years of delay was enough to excuse failure to exhaust state remedies); *Cody v. Henderson*, 936 F.2d 715, 718 (2d Cir. 1991) (nine and a half years without appellate review satisfied the jurisdictional prerequisite for habeas review). Here, less than eight months passed from when the state Court of Appeals reopened Roberts's appeal on July 1, 2009, until when Roberts filed his present Motion on February 23, 2010. Furthermore, Roberts's own filings indicate that his court-appointed counsel did not ignore his case during this period. Roberts indicates that his attorney filed an appellate brief on his behalf on October 26, 2009, and another on January 5, 2010. (Mot. at 3-4, ECF No. 32.) Thus, Roberts's case is not comparable to those in which the Sixth Circuit has found cause to invoke the "process ineffective" provision of 28 U.S.C. § 2254(b)(1)(B)(ii). Therefore, the court cannot excuse his failure to exhaust state remedies before he seeks further intervention from a federal court.

It is undisputed that the state Court of Appeals complied with the express terms of the court's conditional habeas Order by granting a motion to reopen Roberts's appeal within 90 days. And in

light of Sixth Circuit precedent, Petitioner's assertion that his failure to exhaust state remedies should be excused is without merit. Accordingly, the court no longer has jurisdiction over Roberts's case and he has no claim to habeas relief.

### III. CONCLUSION

For the aforementioned reasons, the court denies Roberts's Motion Seeking Enforcement of the court's Order Granting a Conditional Writ of Habeas Corpus. (ECF No. 32).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 18, 2011